IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, FLORIDA

SHON P. HOGAN AND
CATHERINE A. GALLOWAY HOGAN

    **Plaintiffs,**

                                              Case No.:

vs.

LAKEVIEW LOAN SERVICING, LLC
AND LOANCARE, LLC

    **Defendant.**

_____/

## COMPLAINT

Plaintiffs, Shon P. Hogan and Catherine A. Galloway Hogan, by and through the undersigned counsel, hereby sue Defendants, Lakeview Loan Servicing, LLC, and Loancare, LLC and allege as follows:

### INTRODUCTION

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiffs bring the action for statutory damages and actual damages against the Defendants, as well as attorney's fees and the costs of litigation for each Defendants' violations of the Florida Consumer Collection Practices Act, Title XXXIII, Chapter 559, Part VI, Florida Statutes ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). These laws prevent creditors and debt collectors from *inter alia*, engaging in abusive, unfair and deceptive debt collection practices, as well as regulate the type of telephone equipment organizations may use to contact consumers for debt collection purposes.

## GENERAL ALLEGATIONS

1. This is an action for damages which exceeds $5,000.00, but does not exceed $15,000.00, exclusive of attorneys' fees and costs.

2. Jurisdiction and venue for purposes of this action are proper in Pasco County, Florida, and are conferred by Fla. Stat. § 559.77.

3. At all times material herein, the conduct of each Defendant, complained of below, occurred in Pasco County, Florida.

4. At all times material herein, the Defendant engaged in its usual and customary business within Pasco County, Florida.

5. Plaintiff, Shon P. Hogan, is an individual, a natural person residing in Pasco County, Florida, who is alleged to owe a debt to Lakeview Loan Servicing, LLC.

6. Plaintiff, Catherine A. Galloway Hogan, is an individual, a natural person residing in Pasco County, Florida, who is alleged to owe a debt to Lakeview Loan Servicing, LLC.

7. Plaintiffs, Shon P. Hogan and Catherine A. Galloway Hogan ("Plaintiffs" or "Hogan") are "consumer(s)" as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), or a person affected by a violation of that law with standing to bring this claim.

8. Plaintiffs have been the object of collection activity arising from a "consumer debt" as defined by Fla. Stat. § 559.55(6) and 15 U.S.C. § 1692a(5). The subject Debt was incurred primarily for personal, family, or household purposes.

9. At all times herein, Defendant, Lakeview Loan Servicing, LLC ("Lakeview") is a Foreign Limited Liability Company authorized to conduct business in Florida.

10. At all times herein, Defendant, Loancare, LLC ("Loancare"), is a Foreign Limited Liability Company authorized to conduct business in Florida; and is engaged in such business of regularly and systematically collecting debts within Pasco County, Florida.

11. At all times relevant hereto, Plaintiffs were "debtor(s)" as defined by Fla. Stat. § 559.55(8).

12. At all times herein, Lakeview was a "creditor" as defined by Fla. Stat. § 559.55(5) and 15 U.S.C. §1692a(4), in that Lakeview is allegedly owed a debt by Plaintiffs.

13. Loancare is a "debt collector" within the definition established by the FCCPA, Fla. Stat. § 559.55(7) and 15 U.S.C. 1692a(6). The principal purpose of Loancare is the collection of debts using the mails and telephone. Loancare regularly attempts to collect debts alleged to be due.

14. At all times material herein, Loancare was performing debt collection for a debt owed to Lakeview for the benefit of Lakeview and to satisfy Hogan's alleged obligation.

15. At all times material herein, Loancare was acting as an agent on behalf of Lakeview for purposes of collecting Hogan's alleged debt for Lakeview, and with the consent, approval and ratification of Lakeview.

16. At all times material herein, Loancare was, and is now, the servant, employee, and/or other representative of Lakeview, and in doing the things herein alleged, was acting in the scope, purpose, and authority of such agency, service, employment, and/or other representative capacity with the permission, knowledge, consent, and/or ratification of Lakeview. Any reference hereinafter to "Defendant" or "Defendants" without further qualification is meant to refer to each and all Defendants herein jointly and severally.

17. At all times material herein, via a contractual relationship between the parties, Lakeview had control, or the ability to control, Loancare's actions in attempting to collect the alleged debt on behalf of Lakeview.

18. At all times material herein, each Defendant's conduct with regard to the debt, complained of below, qualifies as "communication" as defined by Fla. Stat. § 559.55(2) and 15 U.S.C. § 1692(a)(2).

19. Each Defendant is a "consumer collection agency" within the definition established by the FCCPA, Fla. Stat. § 559.55(3) in that it is a business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.

20. Each Defendant is a "person" within the meaning of the FCCPA, and in particular as it is used in Fla. Stat. § 559.72. *See Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

## FACTUAL ALLEGATIONS

21. On July 11, 2006, a Mortgage was recorded against Plaintiffs' property by virtue of a Promissory Note dated July 10, 2006.

22. Thereafter the loan went into default.

23. On or about February 24, 2016, PHH Mortgage Corporation initiated a foreclosure action against Plaintiffs styled *PHH Mortgage Corporation v. Hogan, et al.,* Case No. 2016-CA-000630 (Sixth Judicial Circuit, Pasco County, Florida) (the "Foreclosure Action").

24. Shortly, thereafter, Plaintiffs retained legal counsel, Andrew Lyons, Esq., to represent them with respect to the debt and defend the foreclosure action and related debt collection.

25. On or about April 12, 2016, Andrew Lyons, Esq., filed his appearance as counsel on behalf of Hogan with the relevant court and PPH Mortgage Corporation's legal counsel.

26. On April 12, 2016, Andrew Lyons, Esq., sent PPH Mortgage Corporation a written Demand for Verification of Debt and Notice to Cease and Desist communications with Hogan and requesting PPH Mortgage Corporation, its representatives, agents, employees, or assigns, to direct all communications to legal counsel, and withdrawing any consent to be contacted via telephone.

27. Plaintiffs have been continuously represented by legal counsel with respect to the debt from at least April 12, 2016, to the present and PPH Mortgage Corporation has been aware of Hogan's representation by counsel during this period.

28. On or about February 7, 2017, the debt was purportedly transferred to Lakeview via an assignment of mortgage. Contemporaneous with said transfer, or shortly thereafter, servicing of the subject debt was transferred to Loancare to collect on behalf of Lakeview.

29. At the time of the transfers, Lakeview and Loancare, and its representatives, agents, or employees were advised of the Foreclosure Action, that Hogan is represented by legal counsel, the contact information for such legal counsel, and were provided business records and servicing files which included all of the aforementioned communications from Hogan and their legal counsel.

30. Notwithstanding Hogan having retained legal counsel and Lakeview and Loancare having knowledge of this circumstance, Defendants have willfully, knowingly, and/or negligently contacted Hogan directly on multiple occasions for the purposes of collecting on the consumer debt in violation of 15 U.S.C. § 1692c(a)(2); § 1692c(c); § 1692e(2); Fla. Stat. § 5592.72(7), § 559.72(9) and § 559.72(18).

31. On or about July 17, 2017; August 17, 2017; September 18, 2017; October 16, 2017; November 16, 2017; and December 19, 2017; Loancare contacted Hogan on behalf of Lakeview for the purposes of collecting on the alleged debt via mail, by sending communications requesting that Hogan pay a certain amount of money by a date certain, and in direct contravention of the notice of legal representation and written request to cease and desist.

32. The communication dated July 17, 2017 as referenced above, further asserted the right to collect, and in fact assessed a late fee in the amount of $56.49 per month.

33. By charging or threatening to charge a late fee on a debt which has been accelerated since at least February 24, 2016, Defendants are claiming, attempting or threatening to assert the existence of a legal right to charge late fees on an accelerated consumer debt when each Defendant has knowledge that such right does not exist in violation of 1692e(2) and Fla. Stat. § 559.72(9).

34. On or about January 2, 2018, Defendants further contacted Hogan by leaving a door hanger on Hogan's front door urging Hogan to contact Defendants at 1-800-909-9525 in direct contravention of the notice of legal representation and for the purposes of collecting on the alleged debt.

35. Defendants have contacted Hogan no less than six (6) times via mail and at least one time at their residence in an attempt to collect upon the debt. Specifically, Loancare has sent correspondence in an attempt to collect upon the debt, by attempting to induce Hogan to contact Defendants to pay, settle the debt, or discuss loss mitigation in direct contravention of the notice of legal representation.

36. Upon information and belief, Defendants have also harassed Hogan at their home and place of employment by willfully communicating with Hogan frequently and regularly, in violation of 15 U.S.C. § 1692c(a)(2), § 1692c(c), Fla. Stat. §§ 559.72(7) and 559.72(18).

37. Specifically, Hogan endured continuous contacts from Defendants beginning July 17, 2017 and continuing, which include:

    a. telephone calls to Hogan's residence more than once a week;

    b. visits to Hogan's residence;

    c. letters, cards, telegrams, special delivery letters;

    d. threats to foreclose upon Hogan's real estate;

    e. vague threats which worried Hogan;

38. Defendants have actual knowledge of Hogan's representation by legal counsel with respect to this consumer debt; however, Defendants continue to contact Plaintiffs willfully, wantonly, and maliciously without regard to the effect on Plaintiffs.

39. Each Defendant has engaged in acts or omissions prohibited by the FCCPA.

40. All conditions precedent to the filing of this action have occurred or have been waived by Defendants.

### *Respondeat Superior Liability*

41. The acts and omissions of Loancare, and other debt collectors employed as agents by Loancare, who communicated with Hogan as described herein, were committed within the time and space limits of their agency relationship with its principal, Lakeview.

42. The acts and omissions by Loancare and its employees were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Lakeview in collecting consumer debts.

43. By committing these acts and omissions against Hogan, Loancare and its employees were motivated to benefit their principal, Lakeview.

44. Lakeview is therefore liable to Hogan through the Doctrine of Respondeat Superior for the intentional and negligent acts, torts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and FCCPA in their attempts to collect this debt from Hogan.

## DAMAGES

45. Plaintiffs have sustained damages as defined by Fla. Stat. § 559.77 and 15 U.S.C. § 1692k.

46. As a direct and proximate result of the conduct and acts of each Defendant mentioned above, Plaintiffs have suffered lack of sleep, stress, weight gain, anger, anxiety, embarrassment, humiliation and shame, all to Plaintiffs' damage.

47. Plaintiffs have incurred reasonable attorneys' fees in pursuit of this enforcement action, and will seek recovery of same against Defendants, and as allowed under 15 U.S.C. § 1692k and Fla. Stat. § 559.77(2).

48. Pursuant to Florida Statute § 559.77, Plaintiffs are entitled an award of up to $1,000.00 statutory damages against each Defendant, plus actual damages, and an award of attorneys' fees and costs to Plaintiffs should they prevail in this matter.

49. Pursuant to 15 U.S.C. § 1692k, Plaintiffs are entitled an award of up to $1,000.00 statutory damages against Defendant, Loancare, plus actual damages, and an award of attorneys' fees and costs to Plaintiffs should they prevail in this matter.

**Count I: Violation of the Florida Consumer Collection Practices Act, Fla. Stat. 559.72 as to both Defendants**

50. Plaintiffs re-allege paragraphs 1-49 and incorporate the same by reference as if fully restated herein.

51. Each Defendant is subject to and has violated the provisions of Fla. Stat. § 559.72(18) by intentionally and repeatedly communicating with Plaintiffs in an attempt to collect a debt after being given actual notice that Plaintiffs were represented by legal counsel with respect to the Debt.

52. Each Defendant has engaged in other conduct which can reasonably be expected to abuse or harass Plaintiffs by continuing to regularly communicate with Plaintiffs despite actual knowledge of representation and request to cease and desist in violation of Fla. Stat. § 559.72(7).

53. Each Defendant has sought to claim, attempt, or threaten to enforce a debt which Defendant knows is not legitimate, or is asserting the existence of some legal right to collect upon a debt in violation of Fla. Stat. § 559.72(9), by seeking to assess a late charge on an accelerated debt.

54. Each Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiffs.

55. As a direct and proximate result of each Defendant's actions, Plaintiffs have sustained damages as defined by Fla. Stat. 559.77.

**WHEREFORE,** Plaintiffs demand trial by jury and requests judgment:

a. Enjoining Defendants, Lakeview Loan Servicing, LLC, and Loancare, LLC, from any and all further illegal collection practices;

b.     Statutory damages of $1,000, plus actual damages;

c.     For punitive damages;

d.     For attorneys' fees and costs; and

e.     For such other and further relief as the court deems appropriate.

### COUNT II- Violations of 15 U.S.C. § 1692 et seq. as to Debt Collector Loancare, LLC

56.     Plaintiffs incorporate the preceding paragraphs 1-49 as if fully set forth herein.

57.     Plaintiffs notified Defendant in writing that Plaintiffs wished Defendant to cease further communications with them.

58.     Defendant possessed actual knowledge of Plaintiffs' representation by legal counsel with respect to the debt and possessed actual knowledge of legal counsel's contact information.

59.     Despite the above referenced knowledge, Defendant sent Plaintiffs at least six (6) collection letters in its attempt to collect the debt.

60.     Defendant, Loancare, LLC, is subject to and has violated the provisions of 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiffs despite Defendant's actual knowledge that Plaintiffs are represented by legal counsel with respect to the debt, and despite having legal counsel's contact information.

61.     Defendant is subject to and has violated the provisions of 15 U.S.C. § 1692c(c) by communicating with Plaintiffs despite Plaintiffs' written request to cease communications for purposes of collecting the debt.

62.     Defendant, directly or through agents, acted with actual malice or deliberate oppression, or willfully, or with such gross negligence as to indicate a wanton disregard of the rights of Plaintiff.

63. As a direct and proximate cause of Defendant's actions Plaintiff has sustained damages as defined by 15 U.S.C. § 1692k.

WHEREFORE, Plaintiffs demand trial by jury and request judgment:

a. Enjoining, Defendant, Loancare, LLC from any and all further illegal collection practices;

b. An award of statutory damages of $1,000;

c. An award of actual damages;

d. For attorneys' fees and costs; and

e. For such other and further relief as the court deems appropriate.

Respectfully submitted,

THE LYONS LAW GROUP, P.A.

/s/ Rebbecca A. Goodall
Andrew M. Lyons, Esq.
Florida Bar No.: 0011288
Rebbecca A. Goodall, Esq.
Florida Bar No.: 0115344
4103 Little Road
New Port Richey, FL 34655
(727) 375-8900
(727) 375-2334 (fax)
Email Service: pleadings@lyonslawgroup.com
Attorneys for Plaintiffs,
Shon P. Hogan and Catherine A. Galloway Hogan