UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHON P. HOGAN and CATHERINE A.
GALLOWAY HOGAN,

    Plaintiffs,

v.                                          CASE NO: 8:18-cv-820-T-26CPT

LAKEVIEW LOAN SERVICES, LLC, and
LOANCARE, LLC,

    Defendants.
_____/

## O R D E R

**UPON DUE CONSIDERATION** of the pleadings on file, as well as Plaintiff's submission, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Affirmative Defenses, or in the Alternative, for More Definite Statement (Dkt. 16) is **denied**.[1] In the Court's view, Plaintiffs have failed to establish that the affirmative defenses have no possible relationship to the controversy, may confuse the issues, or otherwise cause prejudice to Plaintiffs. See United States v. MLU Serv., Inc., 544 F.Supp. 2d 1326, 1330 (M.D. Fla. 2008) (observing that a motion to strike under Rule 12(f) of the Federal Rules of Civil Procedure should only be granted if the matter sought

---

[1] In light of this disposition of the motion, the Court needs no response from Defendant.

to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party) (quoting Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D. Fla 1995)). As the Court in MLU Services further explained, "[b]ecause this standard is rarely met, '[m]otions to strike are generally disfavored by the Court and are often considered time wasters.'" 544 F.Supp. 2d at 1330 (quoting Somerset Pharm., Inc. v. Kimball, 168 F.R.D. 69, 71 (M.D. Fla. 1996)).

Finally, the Court agrees with the recent analysis of the court in Hamblen v. Davol, Inc., 2018 WL 1493251, at *3 (M.D. Fla Mar. 27, 2018), that affirmative defenses should not be held to the pleading requirements of Twombly/Iqbal and that "any defenses that are not true affirmative defenses and are, instead, mere denials are not subject to being stricken." Plaintiffs may renew their objections to the affirmative defenses within the context of a motion for summary judgment after the close of discovery.

**DONE AND ORDERED** at Tampa, Florida, on May 14, 2018.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record